IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sheila Common, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. 2021-cv-____ |
| -*vs*- ) | |
| ) | *(jury demand)* |
| City of Chicago, Chicago Police ) | |
| Officers Ryan Ritchie and ) | |
| Jeremiah Szlaga, ) | |
| ) | |
| ) | |
| *Defendants*. ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Sheila Common is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois.

4. Defendants Ryan Ritchie and Jeremiah Szlaga (hereinafter "the officers") acted under color of their authority as Chicago police officers.

5. The officers arrested plaintiff at about 11:42 p.m. on October 1, 2019.

6. When they arrested plaintiff, the officers did not have a warrant of any sort and did not reasonably believe that a warrant had been issued for the arrest of plaintiff.

7. The officers did not observe plaintiff commit an offense.

8. Plaintiff denied all wrongdoing when the officers arrested her.

9. The officers caused plaintiff to be charged with the felony offense of making a false police report based on a 911 call plaintiff made at about 9:20 p.m. that day.

10. There was no probable cause to support the arrest or the charge.

11. As the direct and proximate result of the officers' wrongdoing, plaintiff was held overnight at the police station before being released on bail in the afternoon of October 2, 2019.

12. Had the officers undertaken a reasonable investigation, they would have known that they did not have probable cause to arrest plaintiff and that they did not have probable cause to charge plaintiff with the offense of making a false report.

13. The officers' failure to conduct a reasonable investigation and exonerate plaintiff was caused by the failure of the City of Chicago to cure the defective police records practices identified for it in an internal review completed in 2016 by the law firm of Winston & Strawn.

14. Had the City of Chicago corrected the flaws in its police records practices, the officers and the State's Attorney of Cook County would have been able on October 1, 2019 to listen to the 911 call plaintiff made at about 9:20 p.m. that day and would have learned that there was no basis to cause plaintiff to be charged with having made a false police report.

15. The criminal case against plaintiff remained pending until early 2020 when the prosecutor examined materials subpoenaed from the Chicago police department, recognized that there was not a basis to proceed with the prosecution, and dismissed all charges.

16. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and suffered harm.

17. Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that appropriate compensatory and punitive damages be awarded against the officer defendants, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that fees and costs be taxed against all defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*