IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA COMMON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, CHICAGO POLICE OFFICERS RYAN RITCHIE AND JEREMIAH SZLAGA,<br><br>        Defendants. | Case No.: 1:21-cv-5198<br><br>Judge: Hon. Sharon Johnson Coleman<br>Magistrate Judge: Hon. Young B. Kim |

**DEFENDANTS RYAN RITCHIE AND JEREMIAH SZLAGA'S
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS,
OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

**INTRODUCTION**

A complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's opposition to Defendant Officers Ryan Ritchie and Jeremiah Szlaga's (collectively the "Defendant Officers") motion to dismiss demonstrates that the Complaint does not give the Defendant Officers fair notice of what the claim against them is, or the grounds upon which it rests. In an attempt to salvage the Complaint, the Plaintiff tells a tale not told in the Complaint, alleging first that the Defendant Officers arrested Plaintiff because of the statements made to them by Plaintiff's ex-boyfriend rather than the statements made by Plaintiff to the dispatcher (Dkt. No. 15 at 5), and then argues that these new facts give rise to a sex discrimination complaint that no reasonable person could divine from the Complaint as filed (Dkt. No. 15 at 7).

These new allegations are not consistent with the allegations set forth in the Complaint. If Plaintiff needs to add extensive factual allegations not already in her Complaint in order to state a claim for violation of her civil rights, then the Complaint does not state a claim, and the Plaintiff should be required to amend the Complaint to set forth the grounds for her claims against the Defendant Officers.

## ARGUMENT

I. **The Complaint fails to state a claim because it fails to allege operative facts putting the Defendant Officers on notice of the accusations against them.**

Plaintiff's Complaint attempts to allege a violation of her civil rights under 42 U.S.C. § 1983 in connection with her arrest for making a false police report on October 1, 2019. Dkt. No. 1 ("Complaint") at ¶¶ 1, 5, 9. For the Complaint to state a claim, it must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough for a complaint to merely state conclusions; the complaint "must at least 'include the operative facts upon which a plaintiff bases [her] claim.'" *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (quoting *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992)). Here, the rule from *Kyle* requires Plaintiff to not merely allege the conclusion that she "was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States," (Complaint at ¶ 16), but to include the operative facts upon which she bases her claim to have been deprived of her Constitutional rights. The Complaint, as demonstrated by Plaintiff's response, fails to do so.

A. **The Complaint fails to set forth operative facts to support a claim for violation of Plaintiff's Fourth Amendment rights based on an arrest without probable cause.**

Plaintiff's Complaint alleges little more than the conclusion that the Defendant Officers did not have probable cause to arrest her on October 1, 2019. In her opposition, Plaintiff sets

forth two allegations from the Complaint that purport to state a claim for violation of her Fourth Amendment rights: (1) that the Defendant Officers arrested Plaintiff for the crime of making a false police report in a 911 call Plaintiff had made earlier that day (Complaint at ¶ 9); and (2) that the 911 call did not provide any basis to charge Plaintiff with having made a false police report (Complaint at ¶ 14). Dkt. No. 15 at 2. The Complaint does not contain any of the details that Plaintiff adds in her response brief regarding the content of her first and second 911 calls, the police officers' actions when they arrived at her home the first time, the police officers' conversation with Plaintiff's ex-boyfriend, or the outstanding order of protection Plaintiff had against her ex-boyfriend. *Compare* Complaint to Dkt. No. 15 at 4-5. The Complaint, in fact, does not mention Plaintiff's ex-boyfriend at all. Complaint at ¶¶ 2-13. The only allegation of the Complaint that provides any basis for Plaintiff's legal conclusion that her arrest was without probable cause is the conclusory allegation that: "There was no probable cause to support the arrest of the charge." Complaint at ¶ 10.[1]

Under binding Seventh Circuit precedent, Plaintiff's conclusory allegation of an arrest without probable cause, without any factual allegation regarding the circumstances of the arrest or why the arrest was without probable cause, does not state a claim for violation of Plaintiff's Fourth Amendment rights. For example, in *Lucien v. Preiner*, 967 F.2d 1166, 1166 (7th Cir. 1992), the Seventh Circuit affirmed the dismissal of a complaint for violation of Section 1983 that alleged that the defendant, an assistant state's attorney, sent a letter to the Illinois Prisoner

---

[1] Plaintiff argues that she is permitted to plead a complaint without setting forth "separate counts clearly stating what civil right[] was violated." Dkt. No. 15 at 8. The Defendant Officers have not argued that the Complaint should be dismissed for failure to plead separate counts; they included that statement in their motion to dismiss to explain the difficulty they have had in attempting to divine from Plaintiff's deficient Complaint what civil right Plaintiff is alleging to have been violated. Dkt. No. 13 at 5.

Review Board opposing clemency for the plaintiff that, according to the complaint, "was filled with 'concoctions, intentional misrepresentations, and slanderous statements.'" The Seventh Circuit explained that the complaint's allegation "that the defendant lied in her letter, without even stating what those lies are," was not enough to state a claim. *Id.* at 1168. This case is similar in that Plaintiff has only alleged in her Complaint that she was arrested without probable cause, without any statement of what facts demonstrated that the Defendant Officers lacked probable cause for her arrest.

The case cited by Plaintiff that was issued by the Seventh Circuit a few weeks ago, *Zimmerman v. Bornick*, __ F.4th __, 2022 WL 304931, at *1 (7th Cir. Feb. 2, 2022) (cited by Dkt. No. 15 at 6), demonstrates the same rule that a Complaint that fails to state operative facts about the constitutional violation fails to state a claim. In *Zimmerman*, the complaint alleged that the defendant correctional officer violated 42 U.S.C. § 1983 by retaliating against him for complaints, without any allegation of what the speech was or the "content, timing, or number" of grievances the plaintiff had filed against the defendant. *Id.* The Seventh Circuit accordingly held that the complaint "was too sparing to see a plausible connection between [defendant's] alleged overstepping and [plaintiff's] protected speech."[2] *Id.* Plaintiff's complaint here raises the same difficulty; it is too sparse to make a plausible allegation that the Defendant Officers lacked probable cause for Plaintiff's arrest.

---

[2] The Seventh Circuit in *Zimmerman* vacated the District Court's decision because its dismissal was with prejudice, explaining that the plaintiff should have been given the opportunity to amend his complaint. *Id.* at *3. The Defendant Officers are not seeking dismissal with prejudice, and so that aspect of *Zimmerman*'s holding does not apply here.

> **B.** **The factual allegations made by the Complaint defeat Plaintiff's claim for violation of her Fourth Amendment rights as to the Defendant Officers because they admit sufficient facts to establish probable cause.**

The one allegation of Plaintiff's Complaint that provides some insight into why the Defendant Officers arrested Plaintiff is in Paragraph 14 of the Complaint: that had the Defendant Officers "been able on October 1, 2019 to listen to the 911 call plaintiff made at about 9:20 p.m. that day," they "would have learned that there was no basis to cause plaintiff to be charged with having made a false police report." Complaint at ¶ 14. This allegation implicitly admits that the Defendant Officers were told by someone who listened to the 911 call—presumably a dispatcher, but in any case another City employee—that Plaintiff made a false police report, because otherwise it would not matter whether the Defendant Officers had an opportunity to listen to the 911 call themselves.

In making this argument the Defendant Officers are not improperly "ask[ing] the Court to accept their version of the facts," (Dkt. No. 15 at 9), but are asking the Court to find that the Plaintiff has failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If, as Plaintiff alleges, the Defendant Officers would have known they lacked probable cause had they listened to the 911 call, then logically, the Defendant Officers must have: (1) not listened to the 911 call, and (2) believed they had probable cause based on what they were told about the 911 call. If the Defendant Officers arrested Plaintiff for a reason unrelated to their understanding of the 911 call, then it would not be the case that, as Plaintiff alleges, Plaintiff's arrest was caused by "flaws in [the City of Chicago's] police records practices" that prevented the Defendant Officers from listening to the phone call. Complaint at ¶ 14. Plaintiff cannot plausibly connect her arrest to the City of Chicago's not enabling the Defendant Officers to listen to her

911 call, and at the same time allege that the Defendant Officers' arrested her for some reason other than what they were told about that 911 call by the person who listened to it.

Based on that necessary inference from Plaintiff's factual allegations, the Defendant Officers had probable cause to arrest Plaintiff, and so Plaintiff's Complaint does not a state claim for violation of her Fourth Amendment rights. Plaintiff does not dispute that probable cause is an absolute bar to a Fourth Amendment claim for false arrest. *See Fleming v. Livingston County, Ill.*, 674 F.3d 874, 878 (7th Cir. 2012). Plaintiff also does not challenge the case law cited by the Defendant Officers that establishes that police officers are permitted to rely on information transmitted by fellow officers in making an arrest, only arguing that the Complaint does not allege that the Defendant Officers relied on statements from a dispatcher. Dkt. No. 15 at 9-10; *compare* to Dkt. No. 13 at 6-7 (citing *United States v. Hensley*, 469 U.S. 221, 231 (1985); *Tangwall v. Stuckey*, 135 F.3d 510, 517 (7th Cir. 1998); *United States v. Valencia*, 913 F.2d 378, 383 (7th Cir. 1990); *Wilson v. Baptiste*, No. 13-cv-7845, 2016 WL 3878125, at *4 (N.D. Ill. July 18, 2016)). But as explained above, the only reasonable inference that can be drawn from what few factual allegations are set forth in the Complaint is that the Defendant Officers relied on another officer's description of Plaintiff's 911 call in determining that she made a false police report, and therefore had probable cause, based on the information they reasonably relied on from that other unnamed officer, to arrest Plaintiff. Plaintiff's Complaint therefore fails to state a Fourth Amendment claim.[3]

---

[3] The Defendant Officers' motion to dismiss also explained why Plaintiff's allegation that the Defendant Officers failed to undertake a "reasonable investigation" did not state a claim under Section 1983. Dkt. No. 13 at 8-9. Plaintiff responds that she is not alleging that the Defendant Officers are liable for failure to investigate, and so concedes that a failure to investigate is not a basis for Plaintiff's claim against the Defendant Officers. Dkt. No. 15 at 10.

### C. The Defendant Officers are entitled to qualified immunity based on the factual allegations of the Complaint.

A complaint may, through its factual allegations, establish an affirmative defense that defeats the complaint (such as qualified immunity), even though a complaint is not required to anticipate and refute affirmative defenses. Indeed, the primary case that Plaintiff cites to refute this proposition holds that it is proper to address qualified immunity on a motion to dismiss. In *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000), the Seventh Circuit explained that "in some cases, a complaint may be dismissed under Rule 12(b)(6) on qualified immunity grounds where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred." The Seventh Circuit then proceeded to do a thorough analysis of whether the complaint in *Jacobs* established qualified immunity, and concluded that the defendants were not entitled to qualified immunity in that case. *Id.* at 766-774. The Seventh Circuit has repeatedly affirmed dismissal of complaints based on qualified immunity on Rule 12(b)(6) motions, explaining that "qualified immunity is an affirmative defense which may be raised in a motion to dismiss, but we consider only the facts alleged in the complaint, which we must accept as true." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997); *see also Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (reversing denial of motion to dismiss where defendants were entitled to qualified immunity).

Plaintiff's factual allegations in the Complaint, even if they are sufficient to allege that Plaintiff was arrested without probable cause, show that the Defendant Officers are entitled to qualified immunity. For a complaint to survive a qualified immunity claim on a motion to dismiss, a complaint is required to allege a right that "was 'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful. *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020). Here, Plaintiff's factual

allegations, as explained previously, necessarily allege that the Defendant Officers arrested Plaintiff for making a false police report because they were told by someone else in the police department who had listened to Plaintiff's 911 call that Plaintiff has made a false report in that call. Plaintiff's allegations only allege a violation of her constitutional rights if Plaintiff has a constitutional right to require arresting officers to verify through personal observation of relevant evidence—in this case, the 911 call—that the evidence supports probable cause. Not only is there no clearly established right to have one's arresting officers personally observe relevant evidence to verify probable cause, the most closely analogous cases hold that an arresting officer is permitted to rely on information received from a person "who it seems reasonable to believe is telling the truth" in determining whether probable cause exists. *Gramemos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986); *see also* Dkt. No. 13 at 10-11 (collecting cases). Plaintiff does not address these cases at all, arguing only that qualified immunity cannot be addressed on a motion to dismiss by citing to a Seventh Circuit case addressing qualified immunity on a motion to dismiss. Dkt. No. 15 at 9 (citing *Jacobs*, 215 F.3d at 765 n. 3). Plaintiff's argument is legally incorrect, and offers no other basis for salvaging the Complaint, and so the Defendant Officers are entitled to qualified immunity.

> **D.** **Plaintiff has not stated a claim for violation of her Fourteenth Amendment right to equal protection.**

Plaintiff's response raises a new theory that cannot possibly be divined from the Complaint: that the Defendant Officers discriminated against Plaintiff based on her sex in choosing to arrest her rather than her ex-boyfriend. Dkt. No. 15 at 5, 7. It is impossible for the Complaint to allege this theory because the Complaint does not allege that the Defendant Officers were responding to a complaint made by Plaintiff against her ex-boyfriend, does not allege that the Officers knew that Plaintiff's ex-boyfriend was violating an order of protection,

and in fact does not mention Plaintiff's ex-boyfriend at all. Complaint at ¶¶ 1-17. It is also impossible for the Complaint to allege this theory because it is inconsistent with the allegation of the Complaint that had the Defendant Officers listened to the 911 call, "they would have learned there was no basis to cause plaintiff to be charged with having made a false police report." Complaint at ¶ 14. If the Defendant Officers arrested Plaintiff because they had an incorrect understanding of the 911 call, then they could not have arrested Plaintiff because they were discriminating against her based on her sex.

Plaintiff may not create an entirely new story and legal claim through new allegations raised in response to a motion to dismiss, even if she may "elaborate on [her] factual allegations so long as the new elaborations are consistent with the pleadings." *Peterson v. Wexford Health Services, Inc.*, 986 F.3d 746, 752 n. 2 (7th Cir. 2021). This Court explained in *Bruno v. Global Experience Specialists, Inc.*, that where factual allegations necessary to state a claim were not included in the complaint, considering those allegations "would amount to allowing [plaintiff] to amend the deficient complaint." "It is a 'basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.* (quoting *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012)). If Plaintiff wishes to raise a Section 1983 claim based on sex discrimination, she may do so through an amended complaint. But the Complaint, as currently pleaded, does not state a cause of action for sex discrimination. If Plaintiff wishes to make a claim for sex discrimination, she should be required to amend the complaint to state the factual allegations on which that claim is based.

Plaintiff also may not rely on new factual allegations raised in opposition to a motion to dismiss where those allegations contradict the Complaint. Here, Plaintiff's new allegation that she was discriminated against based on her sex contradicts her allegations that she was arrested

because the Defendant Officers had an incorrect belief about the content of her 911 call. This case is therefore similar to *Chavez v. Illinois State Police*, 251 F.3d 612, 650 (7th Cir. 2001), in which the Seventh Circuit rejected new factual allegations raised on appeal of a Rule 12(b)(6) dismissal because they were inconsistent with the complaint. In *Chavez*, the complaint alleged that the plaintiff was stopped by police because of his race. *Id.* However, on appeal, the plaintiff alleged that he was stopped instead because he had an out of state license plate. *Id.* The Seventh Circuit accordingly affirmed dismissal of the plaintiff's Section 1983 claim based on the new allegation, because it was inconsistent with the allegation in the Complaint. This Court should likewise refuse to accept Plaintiff's new allegations of sex discrimination based on facts outside the Complaint, because those allegations are inconsistent with her current allegations that she was arrested because of an incorrect belief about her 911 call.

## II.     The Court should grant the Defendant Officers' motion for a more definite statement.

Plaintiff's opposition effectively demonstrates why the Court should at least order a more definite statement in this case under Fed. R. Civ. P. 12(e). Plaintiff's opposition argues that a plausible scenario to be drawn from the Complaint "is that defendant officers arrested plaintiff because of the statements made to them by her ex-boyfriend, whom the police knew bore a grudge against Plaintiff." Dkt. No. 13 at 5. But the Complaint does not allege the reason the Defendant Officers arrested Plaintiff, and as noted before, does not even mention the ex-boyfriend. The Defendant Officers cannot intelligently respond to the Complaint if they do not know what they are alleged to have done—whether they are alleged to have arrested Plaintiff because of incorrect information about the 911 call, because they believed statements made by the previously unnamed ex-boyfriend, or some other reason. If the Court does not dismiss the Complaint, it should at least require Plaintiff to amend the Complaint to allege sufficient facts to

put the Defendant Officers on notice of what they are being alleged to have done—more specifically, to allege the categories of facts listed in the Defendant Officers' motion (Dkt. No. 13 at 12).

Plaintiff's only response to the Defendant Officers' Rule 12(e) motion is to misinterpret *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017), a case in which the Seventh Circuit held that the District Court correctly required the plaintiff to submit a more definite statement in order to "enable the defendants to respond intelligently and the court to handle the litigation effectively." The Defendant Officers are not asking the Court to require Plaintiff to plead "facts matching all statutory 'elements' and judicial 'factors,'" as the Court in *Chapman* explained would have been improper. *See id.* at 848. The Defendant Officers are merely asking the Court to require Plaintiff to allege enough facts to allow them to reasonably prepare a response. The Complaint does not do that, as demonstrated by the fact that Plaintiff is attempting to allege that her Fourteenth Amendment right to equal protection was violated by the Defendant Officers' decision to take the word of an ex-boyfriend not mentioned in the Complaint over hers. The factual allegations the Defendant Officers seek to require the Plaintiff to include are necessary in order for them to know what they are accused of having done, and therefore are necessary to allow the Defendant Officers to respond to the Complaint intelligently. The Court should therefore order Plaintiff to amend the Complaint to provide a more definite statement, including the factual allegations Defendant Officers have identified in their motion.

## **CONCLUSION**

The Complaint makes a conclusory allegation that the Defendant Officers arrested Plaintiff without probable cause for making a false police report, and that the Defendant Officers would have known they lacked probable cause had they listened to Plaintiff's 911 call. Plaintiff is necessarily alleging, therefore, that her Fourth Amendment rights were violated because the

Defendant Officers based their arrest on information received about the 911 call rather than on their own personal observation. That allegation does not state a claim under Section 1983, both because it does not allege a lack of probable cause and because it does not allege violation of a clearly established right. To the extent Plaintiff seeks to expand on her Complaint and allege sex discrimination, none of the factual allegations relating to sex discrimination are in the Complaint, and must be added through amendment. The Court should accordingly dismiss the Complaint for failure to state a claim, or at a minimum require Plaintiff to amend the Complaint to provide a more definite statement.

Date:  February 22, 2022                              Defendants Ryan Ritchie and Jeremiah Szlaga

                              By: */s/ Eileen M. Letts*
                                   One of their attorneys

                                   Eileen M. Letts (Bar No. 3123442)
                                   Brian J. Beck (Bar No. 6310979)
                                   ZUBER LAWLER LLP
                                   135 S. LaSalle Street, Suite 4250
                                   Chicago, Illinois 60603   USA
                                   +1 (312) 346-1100
                                   +1 (213) 596-5621 (fax)
                                   eletts@zuberlawler.com
                                   bbeck@zuberlawler.com