UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA COMMON, ) | |
| ) | Case No. 21 C 5198 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| CITY OF CHICAGO, and CHICAGO POLICE ) | |
| OFFICERS RYAN RITCHIE and ) | |
| JEREMIAH SZLAGA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheila Common brings this civil rights lawsuit against defendants City of Chicago and Chicago Police Officers Ryan Ritchie and Jeremiah Szlaga alleging Fourth and Fourteenth Amendment claims. Before the Court are the City's and defendant officers' motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motions to dismiss without prejudice. The Court further grants Common leave to file an amended complaint by no later than May 16, 2022.

**Background**

In her complaint, Common alleges that Officers Szlaga and Ritchie arrested her at approximately 11:32 p.m. on October 1, 2019. She contends that the officers did not have an arrest warrant, did not observe her commit an offense, and did not have probable cause to arrest her. Further, Common alleges that she denied all wrongdoing when the officers arrested her. She maintains that the officers charged her with the felony offense of making a false police report based on a 911 call she made around 9:20 p.m. on October 1, and, that as a result of the officers' alleged misconduct, she was held overnight at a police station before being released on bail on October 2, 2019.

Common also alleges that defendant officers' failure to conduct a reasonable investigation was caused by the City's failure to cure the defective police records practices as identified by the law firm of Winston and Strawn in 2016. She contends that had the City corrected the flaws in its police records practices, the officers would have learned there was no basis to charge her with having made a false report. Common's criminal case was dismissed in early 2020.

Based on these allegations, Common brings Fourth and Fourteenth Amendment claims and seeks compensatory and punitive damages.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "With a narrow and pragmatic exception for a plaintiff who has pleaded herself out of court, the appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion." *Gunn v. Continental Casualty Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

**Discussion**

Although a complaint need not plead legal theories, *see Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 561 (7th Cir. 2011), Common's bare-boned complaint does not allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, her complaint has left the defendants and the Court guessing as to what Fourth and Fourteenth Amendment claims she is bringing and

what factual allegations put defendants on notice of her claims. Defendants try to fill in the blanks in their legal memoranda, but at the Rule 12(b)(6) stage, defendants can only base their motions to dismiss on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted). However, a plaintiff opposing a Rule 12(b)(6) motion may submit evidence illustrating her allegations without turning the motion into one for summary judgment. *Id.* at 636. The only evidence Common attaches to her response brief is the Chicago Police Department's Special Order S06-01-04 entitled Arrestee Identification Process. Meanwhile, "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

With these standards in mind, it appears Common is bringing a *Monell* claim against the City based on the 2016 Winston and Strawn 74-page report concerning its review of the City of Chicago's Federal Civil Rights Litigation Division, along with the Chicago Police Department's Special Order discussed above. Common alleges that had the City corrected the defective police records practices, defendant officers would have been able to listen to the 911 call and learn there was no basis to arrest her. Common's allegations and arguments, however, do not address any constitutional violation as required under *Monell*, but point to problems with Chicago's police procedures. And, a police officer's violation of a department policy is immaterial on the question of whether a federal constitutional violation has occurred. *Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006). Without more, Common's argument in her response brief that she intends to prove the City's conduct would lead to unconstitutional violations and the City consciously disregarded these consequences fails to plausibly allege the City is liable for any constitutional deprivation. The Court grants the City's motion to dismiss.

The Court turns to defendant officers' motion to dismiss in which they argue Common has

3

failed to give sufficient factual details to support her Fourth Amendment claim under the federal pleading standards. In support of her Fourth Amendment claim, Common alleges that defendant officers did not have an arrest warrant, did not observe her commit an offense, and did not have probable cause to arrest her. Common's complaint does not provide any factual details beyond these assertions, and thus she has failed to meet her burden of providing "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Put differently, Common has failed to allege sufficient facts to push her allegations across the line from conceivable to plausible. *Id.* at 570. Furthermore, Common contends that had the defendant officers undertaken a reasonable investigation, they would have known that they lacked probable cause to arrest her. Common's argument is misplaced because once a police officer has probable cause, he is not required to seek exculpatory evidence or investigate any further. *Matthews v. City of East St. Louis*, 675 F.3d 703, 707 (7th Cir. 2012). The Court grants defendant officers' motion to dismiss in this respect.

In her response brief, Common also argues that defendant officers violated her Equal Protection rights because they arrested her, but not her boyfriend. The complaint contains no allegations about Common's boyfriend, and, as discussed, Common cannot amend her complaint in her response brief. *Pirelli Armstrong Tire,* 631 F.3d at 448. Moreover, her argument that the defendant officers knew her boyfriend was violating an order of protection does state a plausible claim for relief under the facts as alleged in her complaint. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

On a final note, defendants officers' qualified immunity affirmative defense is best left for a motion for judgment on the pleadings under Rule 12(c). *See Gunn,* 968 F.3d at 806.

**Conclusion**

For these reasons, the Court grants defendants' motions to dismiss without prejudice [12,

4

13]. The Court further grants plaintiff leave to file an amended complaint in accordance with this ruling by no later than May 16, 2022.

**IT IS SO ORDERED.**

Date: 4/25/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge