UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA COMMON, ) | |
| ) | Case No. 21 C 5198 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| CITY OF CHICAGO, and CHICAGO POLICE ) | |
| OFFICERS RYAN RITCHIE, and JEREMIAH ) | |
| SZLAGA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheila Common brings the present amended complaint against defendants City of Chicago and Chicago Police Officers Ryan Ritchie and Jeremiah Szlaga alleging Fourth and Fourteenth Amendment claims, as well as a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the Court are the City's and defendant officers' motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies in part and grants in part with prejudice defendant officers' motion to dismiss. Also, the Court grants with prejudice the City's motion to dismiss. The remaining claim in this lawsuit is Common's Fourth Amendment false arrest claim.

**Background**

In her amended complaint, Common alleges she telephoned the Chicago emergency number ("911") at 9:20 p.m. on October 1, 2019, to make a domestic violence complaint against her ex-boyfriend, who was threatening her and violating an order of protection. Common told the dispatcher to "please send the police," after which her ex-boyfriend grabbed the phone and terminated the call. Police officers responded to Common's home and talked to her ex-boyfriend, who assured the officers that everything was fine, and that Common had made a prank call. The

officers left without speaking to Common.

Common alleges she made a second 911 call around 11:27 p.m. on October 1, 2019, stating her ex-boyfriend was still at her home and violating a protection order. Defendant officers Szlaga and Ritchie responded to this call and spoke to Common's ex-boyfriend. At that time, the officers were aware Common's ex-boyfriend was violating an order of protection and had assaulted Common. Defendant officers did not arrest Common's ex-boyfriend, however, but arrested Common. Common contends that the officers did not have an arrest warrant and did not observe her commit a criminal offense.

In addition, Common maintains defendant Officer Ritchie signed a "complaint for preliminary examination" containing the false statement that she had knowingly and intentionally called 911 and stated that a police officer was shot. Common, however, repeatedly told the defendant officers that her 911 calls were about her ex-boyfriend's violation of a protection order, not that she stated a police officer was shot. Nevertheless, officers detained Common overnight at a police station charging her with making a false police report. The criminal case against Common remained pending until early 2020 when her defense attorney obtained recordings of the 911 calls. Defense counsel provided the recordings to the prosecution, who recognized there was no basis to proceed. All charges were dismissed.

As to the City of Chicago's liability, Common alleges neither the arresting officers nor their supervisors could investigate the 911 calls by accessing the 911 recordings because "the City of Chicago had previously made an intentional decision to prevent its police officers from accessing recordings of 911 calls." Common alleges the City was on notice of this flaw in its policies through an internal review completed for the City in 2016 by the Chicago law firm Winston & Strawn entitled "Report to the City of Chicago Concerning Review of the Department of Law's Federal Civil Rights Litigation Division." Common alleges that the City's failure to correct this flaw shows a

conscious decision not to act. According to Common, had the City corrected this flaw, the officers would have been able to listen to the first 911 call that Common made and would have learned there was no basis to charge her with making a false police report.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A defendant filing a motion under Rule 12(b)(6) or 12(c) can base its motion on only 'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted).

**Discussion**

Common first brings a Fourth Amendment false arrest claim. In their motion to dismiss, defendant officers assert Common has pleaded herself out of court by alleging facts that show they had probable cause to arrest her. *See Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022) ("Probable cause for an arrest provides an absolute defense to a false arrest claim."). Probable cause exists when, under the totality of the circumstances known to the arresting police officer at the time of the

arrest, a reasonable officer believes a crime has been or was being committed. *See id.*; *Cibulka v. City of Madison*, 992 F.3d 633, 638 (7th Cir. 2021).

Construing Common's well-pleaded allegations as true and all reasonable inferences in her favor, the Court turns to what the officers knew at the time of her arrest. The Court recognizes that the arresting officers did not respond to Common's first 911 call when her ex-boyfriend told the police that Common had made a prank call to 911. Other allegations concerning Common's arrest include that defendant officers did not observe her committing a criminal offense and did not have a reasonable basis to believe she had committed an offense. Defendant officers also knew that her ex-boyfriend was violating a protection order and had assaulted Common. Meanwhile, defendant officers' contention that they were implicitly informed by the 911 dispatcher that Common had said an officer had been shot is an unreasonable inference, especially because Common repeatedly denied making any such statement. At this juncture, the Court must view reasonable inferences in Common's favor, and in doing so, she has not pleaded herself out of court by alleging defendant officers had probable cause to arrest her. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (A plaintiff "can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law."). The Court denies this aspect of defendant officers' motion to dismiss.

Next, Common brings a discriminatory arrest claim based on her gender asserting that defendant officers violated her equal protection rights because they arrested her, but not her ex-boyfriend. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 303 (7th Cir. 2011) ("selective enforcement of the law is a violation of the Equal Protection Clause."). To establish her claim, Common must show that defendant officers failed to bring charges against her ex-boyfriend and that he was similar situated to her in all material respects. *See Sides v. City of Champaign*, 496 F.3d 820, 827 (7th Cir. 2007). "The purpose of the 'similarly situated' comparator element is to ensure that all other

variables are discounted so that an inference of unlawful intent would be reasonable." *Silverman v. Board of Educ. of City of Chicago,* 637 F.3d 729 (7th Cir. 2011), *overruled on other grounds, Ortiz v. Werner,* 834 F.3d 760 (7th Cir. 2016).

Here, Common alleges defendant officers treated her differently from her ex-boyfriend, who they did not arrest. Common's allegations, however, reveal that her ex-boyfriend was not similarly situated to her because the conduct underlying their alleged criminal offenses was different. *See Chavez v. Illinois State Police,* 251 F.3d 612, 637 (7th Cir. 2001). Specifically, defendant officers arrested Common because she called 911 and allegedly stated that a police officer had been shot. Her ex-boyfriend did not made any such call, but rather he was violating a protection order and had assaulted Common. In short, Common's and her ex-boyfriend's alleged criminal misconduct was not similar. *See Dukes v. Freeport Health Network Mem. Hosp.*, No. 3:29-cv-50189, 2022 WL 1085208, at *12 (N.D. Ill. Apr. 11, 2022) (Johnston, J.); *Chriswell v. Village of Oak Lawn*, 11 C 0547, 2013 WL 5903417, at *11 (N.D. Ill. Nov. 4, 2013) (Tharp., J.). The Court grants defendant officers' motion to dismiss Common's equal protection claim with prejudice because any amendment would be futile.

Last, Common brings a *Monell* claim against the City. "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cty., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). "A municipal entity is liable under § 1983 only if a municipal 'policy or custom' is the 'moving force' behind a constitutional violation and if the municipal defendant can be said to be culpable or at fault for the violation." *Milchtein v. Milwaukee Cty.,* ___ F.4th ___, 2022 WL 3040897, at *8 (7th Cir. Aug. 2, 2022).

Common bases her *Monell* claim on the City's policy of not allowing police officers or their supervisors to have access to 911 recordings. She further states that the City was aware of this

5

flawed policy via the 2016 Winston and Strawn report concerning its review of the City of Chicago's Federal Civil Rights Litigation Division. In her amended complaint, Common does not point to an express, written policy as the basis of her *Monell* claim. Further, taking judicial notice of the 2016 Winston and Strawn report, it only speaks to the retention of 911 calls in relation to the Federal Civil Rights Litigation Division's pre-litigation document preservation policy, and not to any practice or policy concerning police officers' access to the 911 calls or recordings. Also, Common does not identify any decision of a final policymaker. Therefore, under the circumstances, Common is alleging that the Chicago Police Department has a widespread, unwritten practice or custom of not allowing police officers or their supervisors access to 911 recordings.

To plausibly allege the existence of a widespread practice so permanent that it constitutes a policy with the force of law, Common must set forth some facts that her incident was not an isolated or random occurrence. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom."). Put differently, a plaintiff must allege more than her own experience to "show a sufficiently specific pattern of conduct to 'support the general allegation of a custom or policy.'" *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (citation omitted). In her amended complaint, Common makes no mention of any other, similar incidents to support her *Monell* widespread practice claim, and the 2016 Winston and Strawn report does not refer to any such similar occurrences. This leaves the Court with Common's allegations of her own incident, which do not permit a reasonable inference that the practice or policy was so widespread it constituted a governmental custom. Thus, Common has failed to plausibly allege there is a widespread custom or practice for *Monell* purposes. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

Because the Court granted Common leave to re-allege her *Monell* claim after the City's first motion to dismiss, the Court grants the City's present motion to dismiss with prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (a plaintiff should "be given at least one opportunity to try to amend her complaint before the entire action is dismissed.").

**Conclusion**

For these reasons, the Court grants in part with prejudice and denies in part defendants' motions to dismiss [24, 26]. The remaining claim in this lawsuit is plaintiff's Fourth Amendment false arrest claim.

**IT IS SO ORDERED.**

Date: 8/23/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

7